FILED

11 JAN -3 PM 4:01

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE LYNN SPENCER,<br><br>       Petitioner,<br><br>  v.<br><br>MARY LATTIMORE, Warden<br><br>       Respondent. | Civil No.  09-2541 BEN (CAB)<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE** |

  On November 9, 2009, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. By Order dated November 19, 2009, this Court dismissed the case for Petitioner's failure to satisfy the filing fee requirement and for her failure to name a proper respondent. (*See* Order dated November 19, 2009 [doc. no. 3].) To have the case reopened, Petitioner was advised she must either pay the $5 filing fee or provide adequate proof of her inability to pay the fee, and file a First Amended Petition which cured the pleading defects noted in the Court's Order no later than January 19, 2010. On January 15, 2010, Petitioner filed a First Amended Petition. As a result of clerical error, Petitioner's First Amended Petition was not reviewed until the present time.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

  Petitioner has again failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without

1 | prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that she raised her claims in the California Supreme Court. In fact, she specifically indicates she did not seek review in the California Supreme Court. (See Pet. at 6-8.) If Petitioner has raised her claims in the California Supreme Court she must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997); see <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997); <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 300 (10th Cir. 1994); <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

//

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

      The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). But see <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

      Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because she has not alleged exhaustion of state court remedies.

### FAILURE TO NAME PROPER RESPONDENT

      Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of her as the respondent. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See <u>id.</u>

|   |   |
|---|---|
| 1 | The warden is the typical respondent. However, "the rules following section 2254 do not |
| 2 | specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the |
| 3 | institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal |
| 4 | institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a |
| 5 | petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall |
| 6 | be the state officer who has official custody of the petitioner (for example, the warden of the |
| 7 | prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). |
| 8 | A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] |
| 9 | habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The |
| 10 | actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. |
| 11 | Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of |
| 12 | habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the |
| 13 | body" if directed to do so by the Court. "Both the warden of a California prison and the Director |
| 14 | of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d |
| 15 | at 895. |
| 16 | Here, Petitioner has incorrectly named "Mary Lattimore," as Respondent. Additionally, |
| 17 | Edmund G. Brown, the former Attorney General of the State of California, is not a proper |
| 18 | respondent in this action. Rule 2 of the Rules following § 2254 provides that the state officer |
| 19 | having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254. |
| 20 | However, "if the applicant is not presently in custody pursuant to a state judgement against |
| 21 | which he seeks relief but may be subject to such custody in the future," then "the officer having |
| 22 | present custody of the applicant as well as the attorney general of the state in which the judgment |
| 23 | which he seeks to attack was entered shall each be named as respondents." Rule 2(b), 28 U.S.C. |
| 24 | foll. § 2254. Here, there is no basis for Petitioner to have named the Attorney General as a |
| 25 | respondent in this action. In order for this Court to entertain the Petition filed in this action, |
| 26 | Petitioner must name the warden in charge of the state correctional facility in which Petitioner |
| 27 | is presently confined or the Director of the California Department of Corrections. Brittingham |
| 28 | v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). |

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to satisfy the filing fee requirement, allege exhaustion of state judicial remedies, and name a proper respondent. If Petitioner wishes to proceed with this case, she must submit, **no later than March 8, 2011** (AS PER CHAMBERS), a copy of this Order with the $5.00 fee or with adequate proof of her inability to pay the fee AND a Second Amended Petition which cures the pleading deficiencies noted above. *The Clerk of Court is directed to send Petitioner a blank Southern District of California In Forma Pauperis Application and a blank Second Amended Petition form, along with a copy of this Order.*

IT IS SO ORDERED.

DATED: 1-03-2011

Hon. Roger T. Benitez
United States District Judge