UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE LYNN SPENCER,<br><br>                                        Plaintiff,<br><br>v.<br><br>JAVIER CAVAZOS, Acting Warden,<br><br>                                        Defendant. | Civil No.    09cv2541-BEN (CAB)<br><br>**REPORT AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. No. 13]** |

Petitioner Julie Lynn Spencer, a state prisoner proceeding *pro se*, has filed a Second Amended Petition for Writ of Habeas Corpus ("SAP") pursuant to 28 U.S.C. § 2254. [Doc. No. 7.] This matter comes before the Court on consideration of Respondent Cavazos's Motion to Dismiss the Petition [Doc. No. 13.] Petitioner has not filed an opposition to the motion.  Having considered the motion and relevant legal authority, this Court finds that the grounds Respondent raises in his Motion to Dismiss do not warrant dismissal, and accordingly **RECOMMENDS** that the Motion to Dismiss be **DENIED.**

## I.  PROCEDURAL BACKGROUND

After a jury trial, Petitioner was convicted of second degree murder, first degree robbery, attempted arson, elder abuse with great bodily injury, caretaker theft from an elder, false imprisonment of a dependent elder, and two counts of forgery on March 22, 2007 in San Diego County Superior Court. [Doc. No. 7, at 1-2;] (Lodgment 9 at 2.) Petitioner was sentenced to 15 years to life in prison, plus two years. [*Id.*]

Petitioner appealed the conviction to the California Court of Appeal, Fourth Appellate District, Case No. D051183. (Lodgment 6.)  On July 31, 2008, the state appellate court affirmed the judgment. (Lodgment

9.)  Petitioner sought review by the California Supreme Court, Case No. S166003. (Lodgment 10).  The petition was denied on October 28, 2008.  (Lodgment 11.)

In addition to the direct appeal, Petitioner filed a Petition for Writ of Habeas Corpus in the San Diego County Superior Court, Case No. EHC570, on March 27, 2007.  (Lodgment 2).  It was denied on April 18, 2007.  (Lodgment 3).  On April 18, 2007, Petitioner filed a second habeas petition in the San Diego County Superior Court, Case No EHC589.  (Lodgment 4).  That petition was denied on June 15, 2007.  (Lodgment 5).  While the Petitioner states that she filed a Petition for Writ of Habeas Corpus in the California Court of Appeal [Doc. No. 7, at 3-4,] she provides no case number, and the appellate docket does not reflect that any such petition was filed.  Petitioner states that her attorney tried to file a Petition for Writ of Habeas Corpus with the California Supreme Court in September of 2009, but her attorney stated that the Supreme Court did not accept her type of case. [Doc. No. 7, at 4-5.]

Petitioner filed a federal Petition for Writ of Habeas Corpus ("Original Petition") on October 28, 2009.  [Doc. No. 1.][1]  On November 16, 2009, the Court issued a notice to Petitioner regarding a possible failure to exhaust state court remedies, and advising her of the one year statute of limitations.  [Doc. No. 2.] On November 19, 2009, the Court dismissed the Original Petition without prejudice for failure to pay the filing fee or file a motion to proceed in forma pauperis, and for failure to name a proper Respondent.  [Doc. No. 3.] The dismissal order permitted Petitioner to file an amended petition no later than January 19, 2010. [Id.]  Petitioner signed  her First Amended Petition ("FAP") on January 7, 2010.  [Doc. No. 4.] Due to clerical error on the part of the Court, the FAP was not reviewed until January 3, 2011, at which point the Court dismissed the FAP without prejudice, again for failure to pay the filing fee or a motion to proceed in forma pauperis. [Doc. No. 6.] The Court expressly permitted Petitioner to file an amended petition no later than March 8, 2011. [Id. at 5.] Petitioner signed the instant SAP, along with a Motion for Leave to Proceed in forma pauperis, and handed the documents to a correctional officer for mailing to the court on January 20, 2011.[Doc. Nos. 7 & 8.]

Respondent filed the instant Motion to Dismiss on April 8, 2011. [Doc. No. 13.] Petitioner's

---

[1]Although the Original Petition was not docketed until November 9, 2009, the Petitioner signed the Petition on October 28, 2009, indicating she provided the Original Petition to correctional officers for filing on that date, and the Court thus considers the Original Petition to have been filed as of that date. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

1   opposition to the motion was due on May 2, 2011 [*see* Doc. No. 10,] but Petitioner has not filed an

2   opposition.

3   **II. DISCUSSION**

4   Respondent argues that the SAP should be dismissed because it is barred by the applicable statute of

5   limitations.  Because this case was filed after April 24, 1996, it is governed by the Antiterrorism and Effective

6   Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA").  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

7   Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of

8   habeas corpus filed "by a person in custody pursuant to the judgment of a State court."  The limitation period

9   runs from the latest of:

10  (A) the date on which the judgment became final by the conclusion of direct
    review or the expiration of the time for seeking such review;

11  (B) the date on which the impediment to filing an application created by State
    action in violation of the Constitution or laws of the United States is removed,

12  if the applicant was prevented from filing by such State action;

13  (C) the date on which the constitutional right asserted was initially recognized
    by the Supreme Court, if the right has been newly recognized by the Supreme
    Court and made retroactively applicable to cases on collateral review; or

14  (D) the date on which the factual predicate of the claim or claims presented
    could have been discovered through the exercise of due diligence.

15  28 U.S.C. § 2244(d)(1).

16  In this instance, the California Supreme Court denied Petitioner's petition for review on October 28,

17  2008. (Lodgment 11.) The period of "direct review"pursuant to 28 U.S.C. § 2244(d)(1)(A) includes the

18  ninety-day period within which a petitioner can seek a petition for a writ of certiorari from the United States

19  Supreme Court, regardless of whether the petitioner actually seeks such review.  *Bowen v. Roe*, 188 F.3d

20  1157, 1158-59 (9th Cir. 1999).  Petitioner, therefore, had until January 26, 2010 (ninety days past the

21  California Supreme Court's denial of the petition plus one year) to file her federal habeas petition.

22  Respondent does not dispute that the Original Petition [Doc. No. 1] and the FAP [Doc. No. 4], were

23  filed within the statutory period.  Respondent claims, however that the SAP, signed by Petitioner on January

24  20, 2011 [Doc. No.7] should be barred as untimely filed. [Doc. No. 13-2 at 8.]

25  Although the statute of limitations is not tolled while a federal habeas petition is pending, *Duncan*

26  *v. Walker*, 533 U.S. 167, 181-82 (2001), if Petitioner can show "'(1) that [s]he has been pursuing [her] rights

27  diligently, and (2) that some extraordinary circumstance stood in [her] way,'" she is entitled to equitable

28  tolling of the AEDPA one-year limitations period.  *Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2549, 2562

(2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (AEDPA's one-year statute of limitations is subject to equitable tolling)."When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (finding equitable tolling appropriate where prison authorities did not timely follow petitioner's instructions to mail the petition for filing).

Here, the Court expressly authorized Petitioner to file her Second Amended Petition by March 8, 2011. [Doc. No. 6 at 5.] Petitioner signed the SAP less than three weeks following the Court's order – well within the time allotted by the Court for her petition to be filed. [Doc. No. 7]. Petitioner likewise timely filed her FAP pursuant to the Court's order dismissing the Original Petition. [Doc. Nos. 3 and 4, respectively.] Due to clerical error on the part of the Court, the Court did not consider petitioner's timely-filed FAP until nearly a year after filing. [Doc. No. 6 at 1.] Such a clerical error was beyond Petitioner's control. *See Miles*, 187 F.3d at 1107. The Court finds Petitioner was diligent in pursuing her claims as she met all filing deadlines set by the Court, and therefore finds that equitable tolling of the statute of limitations is appropriate here.[2] Accordingly, the undersigned  **RECOMMENDS** that Respondent's Motion to Dismiss based on statute of limitations grounds be **DENIED**.

### III.  CONCLUSION

Based upon the foregoing discussion, the Court **RECOMMENDS** that the motion to dismiss the habeas corpus petition**,** based on the grounds of statute of limitations, be **DENIED**. The Court **FURTHER RECOMMENDS** that Respondent be ordered to file an answer to the Petition and to lodge all documents relating to the case.  This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **September 12, 2011** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

---

[2]In light of the Court's finding that equitable tolling applies, Respondent's arguments as to whether or not the SAP relates back to previously-filed petitions are not addressed here as they are moot.

09cv2541

1    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

2  served on all parties no later than **ten days after being served with the objections**.  The parties are advised

3  that failure to file objections within the specified time may waive the right to raise those objections on appeal

4  of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5

6  DATED:  August 11, 2011

7

8                                                    **CATHY ANN BENCIVENGO**
                                                     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv2541