# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SPENCER,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>JAVIER CAVAZOS, Acting Warden, et al.,<br><br>　　　　　　Respondents. | CASE NO. 3:09-cv-2541-GPC-KSC<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 32] |

## INTRODUCTION

Petitioner Julie Spencer ("Petitioner"), a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her convictions in San Diego Superior Court case number SCE257643. (ECF Nos. 1, 4, 7.) Respondent filed an Answer to the petition and a Memorandum of Points and Authorities in Support of the Answer. (ECF Nos. 17-18.) Pursuant to 28 U.S.C. § 636(b)(1), the Honorable Karen S. Crawford, United States Magistrate Judge, submitted a report and recommendation ("Report") to this Court recommending that the instant petition be denied. (ECF No. 32.) Objections to the

Report were due by November 16, 2012, but Petitioner did not file an objection. After careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, ths Court **ADOPTS** the magistrate judge's Report in its entirety and **DENIES** the instant petition in its entirety.

## BACKGROUND

Following a jury trial, Petitioner was convicted in San Diego County Superior Court Case number SCE257643 of second degree murder (count one), robbery (count two), attempted arson (count three), elder abuse (count four), theft from an elder (count five), false imprisonment of an elder (count six), and two counts of forgery (counts seven and eight), along with various weapons enhancements. (Lodgment No. 1 at 11- 14.) The jury fixed the degree of murder at second degree, and Petitioner was sentenced to a total prison term of two years plus fifteen years-to-life for the murder count. (Id.)

Petitioner appealed her conviction to the California Court of Appeal, Fourth Appellate District, Division One. (Lodgment Nos. 6-8.) The appellate court affirmed her convictions and sentence in a written, unpublished opinion. (Lodgment No. 9.) Petitioner then filed a Petition for Review in the California Supreme Court. (Lodgment No. 10.) The California Supreme Court denied the petition without citation of authority. (Lodgment Nos. 11-12.)

Petitioner filed her initial petition for writ of habeas corpus in this Court on November 9, 2009, alleging there was insufficient evidence presented to support her convictions in counts one through five and counts seven and eight, the improper introduction of autopsy photographs prejudiced the jury, and her counsel was ineffective when he failed to meet with her to discuss defense strategy, failed to call witnesses, and failed to present an effective defense. (ECF No. 1.) The petition was dismissed with leave to amend on November 19, 2009, because Petitioner had failed to satisfy the filing fee requirement and had failed to name a proper respondent. (ECF No. 3.)

|   |   |
|---|---|
| 1 | On January 15, 2010, Petitioner filed a First Amended Petition. (ECF No. 4.) In her First Amended Petition, Petitioner again alleges there was insufficient evidence presented to support her convictions in counts one through five and counts seven and eight, her attorney rendered ineffective assistance when he failed to call witnesses and mount an effective defense, and that the judge, defense counsel and the prosecutor were prejudiced against her. Petitioner's First Amended Petition was dismissed with leave to amend on January 3, 2011 due to Petitioner's failure to satisfy the filing fee requirement or move to proceed in forma pauperis, failure to allege exhaustion of state judicial remedies, and failure to name a proper respondent. (ECF No. 6.) |

On January 15, 2010, Petitioner filed a First Amended Petition. (ECF No. 4.) In her First Amended Petition, Petitioner again alleges there was insufficient evidence presented to support her convictions in counts one through five and counts seven and eight, her attorney rendered ineffective assistance when he failed to call witnesses and mount an effective defense, and that the judge, defense counsel and the prosecutor were prejudiced against her. Petitioner's First Amended Petition was dismissed with leave to amend on January 3, 2011 due to Petitioner's failure to satisfy the filing fee requirement or move to proceed in forma pauperis, failure to allege exhaustion of state judicial remedies, and failure to name a proper respondent. (ECF No. 6.)

On February 16, 2011, Petitioner filed a Second Amended Petition together with a motion to proceed in forma pauperis. (ECF Nos. 7, 8.) In her Second Amended Petition, Petitioner alleges counsel rendered ineffective assistance when he failed to call witnesses and mount an affective defense. On February 28, 2011, the motion to proceed in forma pauperis was granted, and a briefing schedule was set. (ECF Nos. 9, 10.)

Respondent Javier Cavazos ("Respondent") filed a motion to dismiss the petition on April 8, 2011, (ECF No. 14), which the Court denied on September 20, 2011. (ECF No. 15.) Respondent then filed an Answer and Memorandum of Points and Authorities in Support of the Answer on October 6, 2011. (ECF Nos. 17, 18.) In his Answer, Respondent addresses each claim raised in all three petitions and makes no argument about whether the second amended petition, containing only the ineffective assistance of counsel claim, is the operative pleading or whether any claims have been forfeited by virtue of Petitioner's failure to raise them in subsequent petitions. (Id.)

The Magistrate Judge filed the Report on October 11, 2012. (ECF No. 32.) Because Respondent addressed each claim raised by Petitioner in all three petitions, the Magistrate Judge construed the Second Amended Petition as a motion to consolidate her three petitions, and recommended that the motion to consolidate be granted. (Id.) Furthermore, the Magistrate Judge recommended Spencer's Second Amended Petition

On January 15, 2010, Petitioner filed a First Amended Petition. (ECF No. 4.) In her First Amended Petition, Petitioner again alleges there was insufficient evidence presented to support her convictions in counts one through five and counts seven and eight, her attorney rendered ineffective assistance when he failed to call witnesses and mount an effective defense, and that the judge, defense counsel and the prosecutor were prejudiced against her. Petitioner's First Amended Petition was dismissed with leave to amend on January 3, 2011 due to Petitioner's failure to satisfy the filing fee requirement or move to proceed in forma pauperis, failure to allege exhaustion of state judicial remedies, and failure to name a proper respondent. (ECF No. 6.)

On February 16, 2011, Petitioner filed a Second Amended Petition together with a motion to proceed in forma pauperis. (ECF Nos. 7, 8.) In her Second Amended Petition, Petitioner alleges counsel rendered ineffective assistance when he failed to call witnesses and mount an affective defense. On February 28, 2011, the motion to proceed in forma pauperis was granted, and a briefing schedule was set. (ECF Nos. 9, 10.)

Respondent Javier Cavazos ("Respondent") filed a motion to dismiss the petition on April 8, 2011, (ECF No. 14), which the Court denied on September 20, 2011. (ECF No. 15.) Respondent then filed an Answer and Memorandum of Points and Authorities in Support of the Answer on October 6, 2011. (ECF Nos. 17, 18.) In his Answer, Respondent addresses each claim raised in all three petitions and makes no argument about whether the second amended petition, containing only the ineffective assistance of counsel claim, is the operative pleading or whether any claims have been forfeited by virtue of Petitioner's failure to raise them in subsequent petitions. (Id.)

The Magistrate Judge filed the Report on October 11, 2012. (ECF No. 32.) Because Respondent addressed each claim raised by Petitioner in all three petitions, the Magistrate Judge construed the Second Amended Petition as a motion to consolidate her three petitions, and recommended that the motion to consolidate be granted. (Id.) Furthermore, the Magistrate Judge recommended Spencer's Second Amended Petition

be denied in its entirety without leave to amend. (Id.)

## DISCUSSION

### I. Legal Standard

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

### II. Analysis

The Court received no objections to the Report and no request for an extension of time in which to file any objections. As such, the Court assumes the correctness of the magistrate judge's factual findings and adopts them in full. The Court has conducted a de novo review, independently reviewing the Report and all relevant papers submitted by both parties, and finds that the Report provides a cogent analysis of the claims presented in the instant petition.

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. The findings and conclusions of the magistrate judge presented in the Report and Recommendation are **ADOPTED** in their entirety;
2. The instant petition is **DENIED with prejudice** in its entirety.

3. The Clerk of Court shall enter judgment in accordance with this Order.

DATED: July 15, 2013

HON. GONZALO P. CURIEL
United States District Judge